IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, ) | **MOTION TO SUPPRESS** |
| ) | |
| vs. ) | |
| ) | |
| James William Jones, Jr., ) | Case No. 1:20-cr-078 |
| ) | |
| Defendant. ) | |

Before the Court is the Defendant's motion to suppress filed on August 2, 2022. See Doc. No. 185. The Government filed response in opposition to the motion on August 16, 2022. See Doc. No. 191. A hearing on the motion was held on September 13, 2022. For the reasons set forth below, the motion is denied.

I. **BACKGROUND**

The Court held a suppression hearing on September 13, 2022. Two law enforcement officers testified at the hearing: Officer Shannon Reichenberg of the Mandan Police Department and Officer Nickolas Pynnonen of the Bismarck Police Department and formerly of the Mandan Police Department. The factual background is derived from their testimony, as well as the law enforcement reports and the dash camera footage in the record.

At approximately 4:45 p.m. on December 12, 2019, Mandan Police Officer Scott Warzecha observed a black Mercedes-Benz pull into the parking lot of Barney's gas station in Mandan, North Dakota. The vehicle had window tint which appeared far darker than what North Dakota law permits and had no visible license plates or registration. Officer Warzecha had encountered the

vehicle the night before and intended to stop the vehicle at that time but lost sight of it. Officer Warzecha pulled into the parking lot and initiated a traffic stop on the vehicle. Officers Reichenberg and Pynnonen arrived moments after the stop to assist Officer Warzecha. The Defendant, James Jones, was the operator and only occupant of the vehicle. Jones was unable to produce a drivers license, registration, or proof of insurance. Jones claimed to have bought the vehicle four days prior but could not produce a bill of sale. Dispatch informed Officer Warzecha that Jones' drivers license was suspended and restricted for lack of insurance and that he had warrants out of Burleigh County and from the Mandan Police Department. Jones was arrested for driving under suspension, violation of driver's license restrictions, and the outstanding warrants. Jones was given a written warning for illegal window tint.

Jones was then transported to the Burleigh Morton Detention Center by Officer Reichenberg. Once inside the jail, correctional officers located approximately ninety-seven fentanyl pills in a bag in Jones' hand.

## II. LEGAL DISCUSSION

Jones contends the stop of the vehicle on December 12, 2019, in Mandan, North Dakota, was unlawful. The Government contends there were two independent bases for a lawful stop: excessive window tint and failure to display license plates.

Because a traffic stop constitutes a seizure under the Fourth Amendment, an officer must have probable cause or a reasonable suspicion that the vehicle or its occupants are involved in illegal activity before conducting a traffic stop. See United States v. Hollins, 685 F.3d 703, 705-06

(8th Cir. 2012); United States v. Payne, 534 F.3d 948, 951 (8th Cir. 2008). Courts assess reasonable suspicion from the point of view of the officer based upon the totality of the circumstances known to the officer at the time. United States v. Zamora-Lopez, 685 F.3d 787, 790 (8th Cir. 2012). A determination of whether probable cause or reasonable suspicion existed is not to be made with the benefit of hindsight, but rather by looking at what the officer reasonably knew at the time. Hollins, 685 F.3d at 706. A reasonable suspicion must be more than a hunch. See United States v. Walker, 555 F.3d 716, 719 (8th Cir. 2009).

It is well-established in the Eighth Circuit Court of Appeals that a traffic violation, no matter how minor, provides an officer with probable cause for a traffic stop. United States v. Coleman, 700 F.3d 329, 334 (8th Cir. 2012). "As long as an officer objectively has a reasonable basis for believing that the driver has breached a traffic law, the officer has probable cause to conduct a traffic stop." United States v. Coney, 456 F.3d 850, 856 (8th Cir. 2006) (internal quotations omitted). An officer's subjective intentions for making a traffic stop are irrelevant once he has established probable cause based upon the observation of a traffic violation. United States v. Fuehrer, 844 F.3d 767, 772 (8th Cir. 2016).

The Court had the opportunity to carefully listen to Officer Reichenberg and Officer Pynnonen at the suppression hearing and watch the dash-cam video. Both officers testified that they observed Jones vehicle at the gas station and the car had window tint that appeared in excess of what is allowed under North Dakota law. See N.D.C.C. § 39-21-39(4). In addition, no license plates were displayed on the front or rear of the vehicle and it was not bearing a registration tag evidencing a recent sale. This failure is a violation of N.D.C.C. §§ 39-04-11 and 39-04-36(3). The

testimony of Officers Reichenberg and Pynnonen was honest, straight-forward, and credible. The Court has no reason to believe their testimony regarding the traffic violations was anything less than truthful. The testimony was supported by the dash-cam video and the testimony was unrefuted. The dash-cam video clearly shows the vehicle did not have license plates and its windows were heavily tinted. The lack of license plates and heavy window tint are both traffic violations. Either of these traffic violations could serve as an independent basis to stop a vehicle. See State v. Bartelson, 704 N.W.2d 824, 828 (N.D. 2005); United States v. Rowe, 878 F.3d 623, 628 (8th Cir. 2017). Accordingly, the Court finds the stop of the vehicle was lawful.

### III.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, the evidence presented at the suppression hearing, and the relevant case law. For the reasons outlined above, the motion to suppress (Doc. No. 185) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of September, 2022.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court